CASE 43—PETITION ORDINARY—JULY 11.

# Kellogg, &c., vs. Dunn, &c.

**APPEAL FROM KENTON CIRCUIT COURT.**

1. Plaintiff declared upon a note executed by D. to him, payable at the Northern Bank of Kentucky at Covington, and upon which the names of F., N., and C. were by them indorsed in blank, at and before its delivery, whereby, as alleged, they "intended to be equally bound as obligors." It was not alleged that they indorsed the note as accommodation indorsers, or with the view of having it discounted at the bank where it was made payable, or for the purpose of guaranteeing its payment. *Held*—upon demurrer, that the petition does not show a cause of action against the indorsers.

2. In such case parol evidence is not admissible to show that the indorsers of the note indorsed it for the purpose, and with the intention of becoming bound thereon as obligors. But—

3. The liability of an indorser or guarantor, being consistent with their position, such liability may, upon proper allegation, be established by parol proof of a corresponding intention on their part, upon the ground that their names must have been indorsed for some purpose, and should not be deemed to have been an idle act, done without motive or object.

FRED. WISE, and KINKEAD & CARLISLE, for appellants, cited 3 *Mass.*, 274; 5 *Ib.*, 359; 7 *Ib.*, 233; 9 *Ib.*, 301; 11 *Ib.*, 436; 4 *Pick.*, 311; 8 *Ib.*, 122; 5 *Mass.*, 545; 19 *Pick.*, 260; 24 *Ib.*, 64; 3 *Met.*, 274; 5 *Ib.*, 201; 8 *Ib.*, 504; 13 *Ib.*, 265; 7 *Cush.*, 111; 8 *Ib.*, 85; 9 *Ib.*, 104; 9 *Ohio*, 140; 11 *Ib.*, 102; 12 *Ib.*, 158; 13 *Ib.*, 228; 17 *Ib.*, 36; 18 *Ib.*, 336, 339; 9 *Ib.*, 141; 16 *Ib.*, 1; 12 *Ib.*, 168; 32 *Maine*, 339; 36 *Ib.*, 265; 9 *Vermont*, 335; 12 *Ib.*, 219; 20 *Ib.*, 333; 11 *N. H.*, 385; 6 *Conn.*, 315; 7 *Ib.*, 301; 11 *Ib.*, 440; 5 *Smedes & Mar.*, 627; 13 *Ib.*, 617; 2 *McMullen*, 213; 1 *Nott & McCord*, 129; 2 *McCord*, 388; 1 *La. An. R.*, 248; 9 *Texas*, 615; 14 *Ib.*, 275; 2 *Cal. R.*, 485; *Ib.*, 605; 20 *Mo.*, 571; 10 *Rich., S. C.*, 17; 20 *Ala.*, 140; 9 *Gill*, 284; 6 *Ind.*, 478; 17 *Ill.*, 459; 12 *John.*, 159; 13 *Ib.*, 175; 14 *Ib.*, 349; 17 *Ib.*, 326; 8 *Wend.*, 421; 17 *Ib.*, 214; 21 *Ib.*, 588; 1 *Hill*, 91; 2 *Ib.*, 80; 4 *Watts*, 448; 9 *Ib.*, 358; *Story on Prom. Notes*, 4th ed., secs. 473, 480; *Max. on Bills*, 48; *Chitty on Bills*, 91; *Lovelace on Bills*, 40; *Edwards on Bills and Notes*, 273; 1 *B. Mon.*, 101; 3 *B. Mon.*, 465; 1 *Green. Ev.*, sec. 297; *Civil Code*, sec. 113; 4 *J. J. Mar.*, 71; 7 *B. Mon.*, 11; *Story on Prom. Notes*, sec. 460.

BENTON & NIXON, and JAS. AYARS, Jr., for appellees, cited 4 *Duer*, *N. Y.*, 45; 1 *Spencer*, *N. J.*, 256; 1 *Speers*, 240; 1 *Comstock*, 321; 4 *Georgia*, 266; 7 *Hill*, 416; 2 *Ib.*, 80; 17 *Wend.*, 214; *Rev. Stat.*, *p.* 192, *sec.* 31.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an action by the appellants against Dunn, Foley, Noonan, and Clements, upon a note for $106 72, executed by Dunn to the appellants, payable at the Northern Bank of Kentucky, at Covington, and upon which the names of the other defendants were by them indorsed in blank.

The plaintiffs, in their original petition, after setting out the note and the blank indorsement thereof by Foley and others, allege that those "indorsements were made at and before the delivery thereof to plaintiffs, whereby the said Foley, Noonan, and Clements intended to be equally bound as obligors."

The court sustained a demurrer to this petition. The plaintiffs then offered to file an amendment, to the filing of which the defendants objected, and the objection was sustained; and thereupon final judgment was rendered, dismissing the petition, from which the plaintiffs have appealed.

The question presented by the record is, whether either the original petition or the amendment subsequently offered states facts sufficient to constitute a cause of action against the indorsers of the paper sued on?

It may be admitted, as argued by the counsel for the appellants, that when the appellees placed their names on the paper in question, they did so with the intention of becoming bound to some extent, or in some manner, and that such intention, if not inconsistent with the writing itself, may be established by parol evidence. In the case of *Needhams vs. Page*, (3 B. Mon., 466,) the facts were in every essential particular similar to those of the case before us. Tillay had executed a note payable to Needhams, negotiable at the Mechanics' Savings Institution of Louisville. This note was indorsed in blank by Page; and in determining the character of the liability which he thereby incurred, this court held that the facts authorized one of two conclusions: *First.* That Page had indorsed the note, as an accommodation indorser, with a view to give it

currency, or to have it discounted at the institution where it was made payable, on the payees indorsing their names above that of the defendant; or, *Secondly.* The indorsement may have been made with a view to guaranty the payment of the note to the payees, upon the faith of the consideration passing from them to the payor; but that in the absence of all proof as to the object intended, or the motive or consideration upon which the indorsement was made, an authority to write over the name of the indorser a guaranty of the debt secured by the note would not be implied.

In this case, it is not alleged that the appellees indorsed the note as accommodation indorsers, or with the view of having it discounted at the bank where it was made payable.

Nor have the appellants alleged, either in substance or in terms, that the note was indorsed by the appellees with the intention or for the purpose of guaranteeing the payment of the amount. All that is said in the original petition touching the motive, object, or purpose of the appellees in making the indorsement, is, that they thereby " *intended to be equally bound as obligors.*" Now, a guaranty is a collateral undertaking; it is an agreement altogether distinct from the contract of which it assures performance by the party primarily bound; and the two agreements cannot be so blended as to constitute but one, binding equally and alike on the parties to both. Each is distinct from the other, and complete by itself, and there cannot be a simultaneous breach of both. (*Marshall vs. Peck, &c.*, 1 *Dana*, 610. It is clear, therefore, that the petition contains no allegation which would have authorized proof that the indorsements were made with the intention to *guarantee* the payment of the note.

Was parol evidence admissible for the purpose of showing that the appellees indorsed the note for the purpose, and with the intention of becoming bound thereon as obligors? We think not. The courts of some of the States have gone to that extent, but the principle settled by this court in *Needhams vs. Page, supra*, which limits the liability of an indorser in such cases to that of a guarantor merely, is sustained by the weight of authority, and is certainly most consistent with reason and

policy.   The general rule is, that when parties have entered into a written contract, that is taken as the evidence of their final agreement, and no obligation or liability inconsistant with the writing can be established in the absence of fraud or mistake.   The averment here, that the appellees indorsed this note with the intention of becoming bound as obligors, is inconsistent with, and contradictory of, the writing itself.   Dunn alone executed the note as obligor, and he alone can be held liable as such.   The names of the appellees occupy a different position on the instrument, and the legal inference is conclusive that the obligation they intended to assume, was different from that of the obligor.   The liability of an *indorser* or guarantor, is, as we have already seen, consistent with their position, and hence it has been held that such liability may be established by parol proof of a corresponding intention on their part, upon the ground that their names must have been indorsed for some purpose, and should not be deemed to have been an idle act, done without motive or object.  ·

The demurrer to the petition was, therefore, properly sustained.

2. And the amended petition was properly rejected.   It sets out with the averment that the note was given by the appellees "for the purpose, and under the circumstances" stated in the original petition.   Then follow various additional allegations, to the effect that the names of the appellees were placed on the note for the purpose of giving it "credit and currency with the plaintiffs," and in pursuance of an agreement between the appellants and Dunn, which was well known to the appellees, and which agreement, as elsewhere stated, was, that Dunn was to deliver to the appellants, in payment for a bill of goods, "a note with unexceptionable names thereon."   It is scarcely necessary to remark that these allegations are too vague, contradictory, and obscure to charge the defendants with liability in any form or to any extent.

The judgment is therefore affirmed.